**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LANDSTAR SYSTEMS, INC.,

    Plaintiff,

v.                                              Case No. 3:19-cv-1106-J-34PDB

THE OHIO CASUALTY
INSURANCE COMPANY

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. On September 26, 2019, Plaintiff initiated the instant action against Defendant. See Doc. 1 (Complaint). The Complaint suggests that this Court has diversity jurisdiction over the instant action. Id. at ¶ 3. More specifically, Plaintiff alleges that it is asserting an "action for damages that exceeds $75,000.00," id. at ¶ 1, and that "the Plaintiff is a resident of Duval County, Florida . . . [and Defendant] OHIO CASUALTY is a corporation organized under the laws of New Hampshire and its principal place of business is in Boston, Massachusetts. Therefore, complete diversity exists, together with controversy in excess of $75,000.00." Id. at ¶ 3.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Diversity jurisdiction requires complete diversity or that "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"). The Eleventh Circuit has recognized that, for purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members. See id. In this regard, the Court must receive information regarding the citizenship of all the members of a limited liability company, not just its managing members. Id. On the other hand, a corporation "'shall be

deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)). In alleging a corporation's principal place of business, the Hertz Court has adopted a

> "nerve center" test . . . . The "nerve center" refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is generally the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Wylie v. Red Bull N. Am., Inc., 627 Fed. Appx. 755, 757–58 (11th Cir. 2015) (internal citations and quotations omitted).[1] Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).

On review of the Complaint, it appears Plaintiff has not alleged sufficient information to allow the Court to determine its citizenship. Plaintiff asserts that it "is a resident of Duval, County, Florida." Complaint at ¶ 3 (emphasis added).[2] However,

---

[1] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir.2000) (per curiam); see generally FED. R.APP. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] If Plaintiff were a natural person, this allegation is insufficient. In order to establish diversity jurisdiction over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted). See also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). To the extent Plaintiff is relying on the citizenship of the parties in the state court action, such reliance is improper. It is the citizenship of the parties in this action that is determinative of the existence of subject matter jurisdiction.

Plaintiff appears to be some form of business entity, most likely a corporation. Thus, Plaintiff must allege facts identifying any State in "which it has been incorporated and . . the State where it has its principal place of business.'" Hertz Corp., 559 U.S.at 80. If, in the alternative, Plaintiff is an LLC, Plaintiff must list the citizenship of each of the LLC's members. See Rolling Greens, 374 F.3d at 1021-22.

Accordingly, the Court finds that Plaintiff's allegations as to its citizenship are insufficient to allow the Court to satisfy its obligation to assure complete diversity exists before exercising jurisdiction over this action.[3] As such, the Court will afford Plaintiff[4] an opportunity to provide the Court with sufficient information to establish its citizenship, and thereby the Court's diversity jurisdiction over the instant action.

---

[3] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

[4] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

It is therefore **ORDERED**: Plaintiff shall have until **October 18, 2019**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville on this 4th day of October, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc26

Copies:
Counsel of Record